[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15290
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-22111-UU

RICHARD RALPH MALCOLM,

Plaintiff-Appellant,

versus

CITY OF MIAMI POLICE, et al.,

Defendants,

SABINE RAMONVIL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2014)

Before TJOFLAT, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Richard Malcolm, a non-prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint on the ground that Defendant Officers Sabine Raymonvil and Glenda Perez were entitled to qualified immunity.[1] Malcolm contends that Raymonvil and Perez violated clear federal constitutional rights when they searched and arrested him and, thus, the two officers are unentitled to qualified immunity. Considering the amended complaint's alleged facts, the law does not support Malcolm's claims; we affirm.[2]

We review de novo a district court's grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, accepting the complaint's factual allegations as true and construing them in the light most favorable to the plaintiff. Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1305 (11th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Malcolm does not appeal the district court's dismissal of Defendants Charles Clark and the City of Miami.

[2] "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" Pearson v. Callahan, 129 S.Ct. 808, 815 (2009). As a result, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Id.

defendant is liable for the misconduct alleged." Id.  We construe liberally a pro se litigant's pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

"[Q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known."  Mathews v. Crosby, 480 F.3d 1265, 1269 (11th Cir. 2007).  "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Hope v. Pelzer, 122 S.Ct. 2508, 2515 (2002) (emphasis added) (quotations omitted).  Considering what the official was doing and when, the federal violation must have been beyond debate at the time; otherwise qualified immunity applies. Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011); Lane v. Franks, No. 13-483, 2014 U.S. LEXIS 4302, at *25 (U.S. June 19, 2014) (applying qualified immunity, where Supreme Court concluded "no doubt" that Constitution protected certain conduct by plaintiff, when the federal law question was not "beyond debate" at time defendant acted).  "When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'"  al-Kidd, 131 S.Ct. at 2085.

3

Malcolm does not dispute that he was violating Fla. Stat. Ann. § 316.2065, which required having a visible light on his bicycle between sunset and sunrise, on the evening of his arrest.  Because Defendant Officers had probable cause to believe that Malcolm was committing a traffic offense in their presence, stopping and detaining him was no Fourth Amendment violation.  See Whren v. United States, 116 S.Ct. 1769, 1777 (1996) (a stop is reasonable under the Fourth Amendment when police officers have probable cause to believe a person has committed a civil traffic violation).

Traffic stops carry with them a risk of a violent encounter, largely because evidence of a more serious crime might be uncovered.  See Maryland v. Wilson, 117 S.Ct. 882, 886 (1997).  When officers conduct a lawful traffic stop (as Defendants did here), that the officers conduct a limited patdown search for weapons is not per se unlawful, but depends on the circumstances of the particular case.  See Arizona v. Johnson, 129 S.Ct. 781, 784 (2009).  "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence."  Minnesota v. Dickerson, 113 S.Ct. 2130, 2136 (1993).  If, during the course of a lawful patdown search of a person's outer clothing, an officer "feels an object whose contour or mass makes its identity [as contraband] immediately apparent," the officer can seize the

4

contraband without a warrant consistent with the Fourth Amendment. See id. at 2137.

In his amended complaint, Malcolm broadly alleges that, during the traffic stop,[3] Officer Raymonvil searched him illegally. During the search, Malcolm says that Officer Raymonvil "reached deep into [Malcolm's] pockets and removed all of [his] personal possessions that were not visible to the naked eye," including an unspecified quantity of marijuana. Malcolm was later charged with felony possession of marijuana with intent to distribute.

Construing Malcolm's factual allegations in the light most favorable to him, Malcolm has not alleged facts that demonstrate Defendants' search violated an already clearly established federal constitutional right. Defendants have contended -- more important, Malcolm does not allege otherwise -- that they "patted [Malcolm] down for weapons." Malcolm does say in his amended complaint that, throughout his encounter with Defendant Officers, he asked the officers repeatedly what they were doing, insisted repeatedly that he had no weapons, and "refused to be illegally searched." "Traffic stops are especially fraught with danger to police

---

[3] Malcolm alleges that the officers drew their weapons and ultimately handcuffed him during the temporary detention triggered by the lack-of-a-light-on-his-bicycle violation. The Supreme Court has written that the risk of harm to everyone involved in a traffic stop "is minimized if the officers routinely exercise unquestioned command of the situation." See Wilson, 117 S.Ct. at 886. Neither handcuffing nor an officer's drawing his weapon necessarily converts an investigative stop into a custodial arrest. See United States v. Hastamorir, 881 F.2d 1551, 1556-57 (11th Cir. 1989). Malcolm does not allege that his being held at gunpoint or his being handcuffed amounted to a full custodial arrest.

5

officers." Johnson, 129 S.Ct. at 786 (quotations omitted).  And given Malcolm's own selected statement of the facts, an objective officer might reasonably suspect -- in the context, including Malcolm's statements at the scene and active refusal to cooperate -- that Malcolm posed a sufficient threat to the officers that would have warranted a protective patdown search.  Thus, Malcolm has failed to allege facts that a patdown search by Defendants -- in the context of the lawful traffic stop -- constituted a federal constitutional violation that was "beyond debate" at the time.

Malcolm has also failed to allege facts that demonstrate that Defendants' conduct was inconsistent with a permissible search of Malcolm's pockets. Defendants would have been entitled to reach into Malcolm's pockets and retrieve what they could readily identify -- based on patdown search of the outside of Malcolm's clothing -- as contraband.  See Dickerson, 113 S.Ct. at 2137.  Thus, Malcolm's contention that Defendant Raymonvil reached deep into his pockets and removed the contents (which included a bag of marijuana), in and of itself, is not enough to allege that Defendants violated clearly the Fourth Amendment.  After discovering marijuana in Malcolm's possession, Defendants had probable cause to arrest Malcolm.[4]

Accepting Malcolm's factual allegations as true and construing them in the light most favorable to him, he has not alleged facts that, if true, show that

---

[4] Malcolm says the marijuana charges were dropped later.

6

Defendants violated a federal right that, before his arrest, was already clearly established: "beyond debate."  Defendants are entitled to qualified immunity.  The district court dismissed properly Malcolm's complaint.

AFFIRMED.[5]

_____

[5] In his appellate brief, Malcolm lists several issues he wants considered on appeal, including, among other things: (1) whether a violation of the Federal Rules of Civil Procedure occurred; (2) whether Defendants are subject to default judgment; (3) whether collateral estoppel applies; and (4) whether the district court violated his due process rights.  Because Malcolm's brief, construed liberally, presents no substantive arguments about these issues, they are abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).